UNITED STATES DISTRICT COURT            JS-6
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.    **CV 13-2127-JFW (AGRx)**                                Date: March 28, 2013

Title:    Selene RMFO REO Acquisition, LLC. *-v-* Desiree A. Gill, et al.

**PRESENT:**

   HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

   Shannon Reilly                             None Present
   Courtroom Deputy                           Court Reporter

**ATTORNEYS PRESENT FOR PLAINTIFFS:**        **ATTORNEYS PRESENT FOR DEFENDANTS:**
            None                                         None

**PROCEEDINGS (IN CHAMBERS):**    ORDER REMANDING ACTION TO LOS ANGELES SUPERIOR COURT

   On September 8, 2011, Plaintiff Selene RMFO REO Acquisition, LLC ("Plaintiff") filed a Complaint for Unlawful Detainer against Defendants Desiree A. Gill and Ed Duray ("Defendants") in Los Angeles Superior Court. On March 25, 2013, Edmound Daire ("Daire") filed a Notice of Removal, alleging that this Court has jurisdiction.

   Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986). "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted). There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears. *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990). As the party invoking federal jurisdiction, Daire bear the burden of demonstrating that removal is proper. *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

   Daire fails to meet his burden of demonstrating that removal is proper. Plaintiff's Complaint alleges one claim for unlawful detainer under state law. While Daire alleges in his Notice of Removal that the claim arises under federal law, "[a]n unlawful detainer action does not raise a

question arising under federal law and so, once removed, must be remanded for lack of jurisdiction." *Cooper v. Washington Mut. Bank*, 2003 WL 1563999, *2 (N.D. Cal. Mar. 19, 2003) (internal citation omitted).  Accordingly, there is no federal question jurisdiction presented by Plaintiff's action.[1]

In addition, Daire's removal of this action is an improper subsequent removal.[2]  A second removal is permissible when made on new grounds arising from subsequent pleadings or events. *See Peabody v. Maud Van Cortland Hill Schroll Trust*, 892 F.2d 772, 776 (9th Cir. 1989); *One Sylvan Rd. N. Assocs. v. Lark Int'l, Ltd.*, 889 F.Supp. 60, 62-63 (D. Conn. 1995) ("A defendant who fails in an attempt to remove on the initial pleadings can file a second removal petition when subsequent pleadings or events reveal a new and different ground for removal.").  A party cannot remove a case twice based on the same grounds.  *See Seedman v. U.S. Dist. Court for Cent. Dist. Of Cal.*, 837 F.2d 413, 414 (9th Cir. 1988) (holding that "a second removal petition based on the same grounds does not 'reinvest' the court's jurisdiction").  Indeed, a second attempt at removal is justified only when there has been a "substantial change in the nature of the instant case since it was last in this court."  *One Sylvan*, 889 F.Supp. at 64.

In this case, there has been no change in the nature of the case, nor has there been any subsequent pleading or paper which provides a basis for a second removal.  Therefore, Daire has impermissibly attempted to remove this action twice on the same grounds.  Such successive removals are procedurally improper.

For the foregoing reasons, this Court lacks subject matter jurisdiction over this action.  Accordingly, this action is **REMANDED** to Los Angeles Superior Court for lack of subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

---

[1]  Daire also mentions diversity jurisdiction in his Notice of Removal, but does not allege the citizenship of Plaintiff, the citizenship of any of the defendants, or that the amount in controversy exceeds $75,000.  Accordingly, Daire has failed to demonstrate that diversity jurisdiction exists.

[2]  Daire previously removed this action on the same grounds on January 2, 2013. This Court remanded the action to Los Angeles Superior Court on January 4, 2013.